UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROCKET MORTGAGE, LLC s/b/m NATIONSTAR MORTGAGE LLC,

Plaintiff,

v.

SUZANNE MAGILL, NORMAN MAGILL, and PRESTIGE CLAIM CONSULTANTS CORP.,

Defendants.
_________________________/

Case No. 2:26-cv-01955-KCD-NPM

**DEFENDANT PRESTIGE CLAIM CONSULTANTS CORP.'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

Defendant, PRESTIGE CLAIM CONSULTANTS CORP. ("Prestige"), by and through undersigned counsel and in accordance with the applicable Federal Rules of Civil Procedure, files this Answer and Affirmative Defenses in response to Plaintiff Rocket Mortgage, LLC s/b/m Nationstar Mortgage LLC's Complaint for Damages and Injunctive Relief (the "Complaint") as follows:

**ANSWER TO NUMBERED ALLEGATIONS**

1. Prestige lacks knowledge sufficient to admit or deny the allegations concerning Plaintiff's corporate status, merger, principal place of business and authority to do business and therefore denies them.

2. Prestige lacks knowledge sufficient to admit or deny the allegations concerning the Borrowers' current citizenship, residence, and status under the note and mortgage and therefore denies them.

3. Prestige admits the allegations contained within paragraph three (3) of the Complaint.

4. Prestige admits that Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332. Prestige denies any legal conclusion to the extent a response is required and otherwise demands strict proof of jurisdictional facts.

5. Prestige lacks knowledge sufficient to admit or deny the allegations concerning Plaintiff's ownership structure and therefore denies them.

6. Prestige admits that it is a citizen of Florida for diversity purposes. Prestige lacks knowledge sufficient to admit or deny the remaining allegations and denies any legal conclusion to the extent a response is required.

7. Prestige admits only that the subject Property is alleged to be located in Charlotte County, Florida. Prestige denies the remaining allegations and legal conclusions to the extent a response is required and demands strict proof of venue.

8. Prestige lacks knowledge sufficient to admit or deny the allegations concerning execution, ownership, terms, and amount of the promissory note and therefore denies them. The referenced document speaks for itself.

9. Prestige admits that the subject property is alleged to be located at 4321 Worchester Dr., Punta Gorda, Florida 33982. Prestige lacks knowledge sufficient to admit or deny the remaining allegations concerning the mortgage and

recording information and therefore denies them. The referenced document speaks for itself.

10. Prestige admits that Plaintiff refers to the note and mortgage collectively as the "Loan." No further response is required to a defined term.

11. Prestige lacks knowledge sufficient to admit or deny the allegations concerning the purported assignment of mortgage and therefore denies them.

12. Prestige lacks knowledge sufficient to admit or deny the allegations concerning the Borrowers' alleged loan default and therefore denies them.

13. Prestige lacks knowledge sufficient to admit or deny the allegations concerning the foreclosure action and therefore denies them.

14. Prestige lacks knowledge sufficient to admit or deny the allegations concerning the foreclosure judgment and sale date and therefore denies them.

15. Prestige lacks knowledge sufficient to admit or deny why any foreclosure sale was cancelled and therefore denies the allegation.

16. Prestige admits the allegations contained in paragraph sixteen (16) of the Complaint.

17. Prestige admits that a Citizens Property Insurance Corporation homeowners claim was involved and that Home Point was identified as a mortgagee on claim-related documents. Prestige lacks knowledge sufficient to admit or deny the remaining policy allegations and therefore denies them.

18. Prestige admits that Citizens assigned Claim No. 001-00-332712 to the reported loss.

19. Admitted that Prestige acted as the Borrowers' public adjuster in connection with the Citizens claim.

20. Prestige admits that Citizens made coverage and payment determinations on the claim. Prestige denies any characterization beyond Citizens' own records and policy terms.

21. Prestige admits that Citizens issued checks in connection with the claim, including checks bearing numbers 563599 and 598448. Prestige denies any allegation inconsistent with the checks themselves and lacks knowledge sufficient to admit or deny the complete payment history alleged in subparagraphs (a)-(d).

22. Prestige denies that the mortgage imposes contractual duties on Prestige. To the extent paragraph 22 merely characterizes paragraph 5 of a mortgage to which Prestige was not a party, the document speaks for itself.

23. Admitted that checks 563599 and 598448 identified Home Point, the Borrowers, and Prestige as payees. The checks speak for themselves as to their precise wording.

24. Prestige lacks knowledge sufficient to admit or deny the allegation that the Borrowers failed to comply with contractual obligations under their mortgage and therefore denies it.

25. Prestige admits that check 563599 was received in connection with the claim and bears endorsements. Prestige denies Plaintiff's characterization of who made each endorsement, when the endorsement was made and/or the legal effect of any endorsement.

26. Prestige specifically denies that it fraudulently endorsed or caused the fraudulent endorsement of check 563599 on behalf of Shellpoint or any mortgagee.

27. Prestige lacks knowledge sufficient to admit or deny Shellpoint's historical servicing or assignment status and therefore denies the allegation.

28. Prestige denies the allegations contained within paragraph twenty-eight (28) of the Complaint.

29. Prestige denies the allegations contained within paragraph twenty-nine (29) of the Complaint.

30. Prestige lacks knowledge sufficient to admit or deny what Home Point authorized, endorsed, or received and therefore denies the allegation.

31. Prestige lacks knowledge sufficient to admit or deny what Rocket authorized, endorsed, or received and therefore denies the allegation.

32. Prestige denies that it forged, fraudulently endorsed, or knowingly negotiated any instrument without required authority.

33. Prestige lacks knowledge sufficient to admit or deny the Borrowers' permissions or authority and therefore denies the allegation.

34. Prestige denies the allegations contained within paragraph thirty-four (34) of the Complaint.

35. Prestige lacks knowledge sufficient to admit or deny all uses made by the Borrowers of funds disbursed to them and denies that Prestige was obligated to remit its earned fee or other funds to Plaintiff.

36. Prestige lacks knowledge sufficient to admit or deny the present condition, occupancy, value, or cause of any diminution in value of the Property and therefore denies the allegation.

37. Prestige denies the allegations contained within paragraph thirty-seven (37) of the Complaint.

38. Prestige specifically denies that it fraudulently endorsed or caused the fraudulent endorsement of check 598448 on behalf of Homecomings or any mortgagee.

39. Prestige lacks knowledge sufficient to admit or deny Homecomings' historical servicing, assignment, or operational status and therefore denies the allegation.

40. Prestige denies the allegations contained within paragraph forty (40) of the Complaint.

41. Prestige denies the allegations contained within paragraph forty-one (41) of the Complaint.

42. Prestige lacks knowledge sufficient to admit or deny what Home Point authorized, endorsed, or received and therefore denies the allegation.

43. Prestige lacks knowledge sufficient to admit or deny what Rocket authorized, endorsed, or received and therefore denies the allegation.

44. Prestige denies the allegations contained within paragraph forty-four (44) of the Complaint.

45. Prestige lacks knowledge sufficient to admit or deny the Borrowers' permissions or authority and therefore denies the allegation.

46. Prestige denies the allegations contained within paragraph forty-six (46) of the Complaint.

47. Prestige denies the allegations contained within paragraph forty-seven (47) of the Complaint.

48. Prestige lacks knowledge sufficient to admit or deny the present condition, occupancy, value, or cause of any diminution in value of the Property and therefore denies the allegation.

49. Prestige denies that all conditions precedent to Plaintiff's claims against Prestige have occurred, been performed, or been waived.

50. Prestige incorporates its responses to the referenced paragraphs as though fully set forth here and denies any allegation inconsistent with those responses.

51. Prestige admits that Citizens issued checks 563599 and 598448 identifying Home Point, the Borrowers, and Prestige as payees. The checks speak for themselves.

52. Prestige admits that the checks were delivered in connection with the insurance claim.

53. Prestige denies the allegations contained within paragraph fifty-three (53) of the Complaint.

54. Prestige denies the allegations contained within paragraph fifty-four (54) of the Complaint.

55. Prestige denies the allegations contained within paragraph fifty-five (55) of the Complaint.

56. Prestige denies the allegations contained within paragraph fifty-six (56) of the Complaint.

57. Prestige incorporates its responses to the referenced paragraphs as though fully set forth here and denies any allegation inconsistent with those responses.

58. Prestige denies the allegations contained within paragraph fifty-eight (58) of the Complaint.

59. Prestige denies the allegations contained within paragraph fifty-nine (59) of the Complaint.

60. Prestige denies the allegations contained within paragraph sixty (60) of the Complaint.

61. Prestige denies the allegations contained within paragraph sixty-one (61) of the Complaint.

62. Prestige incorporates its responses to the referenced paragraphs as though fully set forth here and denies any allegation inconsistent with those responses.

63. Prestige lacks knowledge sufficient to admit or deny the contractual relationship between Plaintiff and the Borrowers and therefore denies the allegation as stated. Prestige was not a party to the mortgage.

64. Prestige admits that Plaintiff quotes language from paragraph 5 of the mortgage. The mortgage speaks for itself. Prestige denies that the quoted language creates contractual duties owed by Prestige.

65. Prestige admits that Plaintiff quotes language from paragraph 5 of the mortgage. The mortgage speaks for itself. Prestige denies that the quoted language creates contractual duties owed by Prestige.

66. Prestige lacks knowledge sufficient to admit or deny whether the Borrowers breached the mortgage and therefore denies the allegation.

67. Prestige lacks knowledge sufficient to admit or deny whether the Borrowers breached the mortgage and therefore denies the allegation. Prestige denies that its receipt of compensation establishes any breach by Prestige.

68. Prestige lacks knowledge sufficient to admit or deny Plaintiff's alleged contractual damages and therefore denies the allegation.

69. Prestige incorporates its responses to the referenced paragraphs as though fully set forth here and denies any allegation inconsistent with those responses.

70. Prestige lacks knowledge sufficient to admit or deny the allegations concerning the note, mortgage, and assignment and therefore denies them.

71. Prestige lacks knowledge sufficient to admit or deny the legal enforceability of the mortgage between Plaintiff and the Borrowers and therefore denies the allegation to the extent a response is required.

72. Paragraph 72 states a legal proposition to which no response is required. To the extent a response is deemed required, Prestige denies any characterization inconsistent with Florida law.

73. The mortgage speaks for itself. Prestige denies that its provisions impose contractual duties on Prestige.

74. Prestige lacks knowledge sufficient to admit or deny Plaintiff's or its predecessors' performance under the Loan and therefore denies the allegation.

75. Prestige lacks knowledge sufficient to admit or deny the scope of the Borrowers' implied contractual duties and therefore denies the allegation.

76. Prestige lacks knowledge sufficient to admit or deny allegations concerning the Borrowers' state of mind or conduct except as reflected in documents and testimony. Prestige denies any allegation that Prestige acted in bad faith or without authority.

77. Prestige denies the allegations contained within paragraph seventy-seven (77) of the Complaint.

78. Prestige denies the allegations contained within paragraph seventy-eight (78) of the Complaint.

79. Prestige denies the allegations contained within paragraph seventy-nine (79) of the Complaint.

80. Prestige incorporates its responses to the referenced paragraphs as though fully set forth here and denies any allegation inconsistent with those responses.

81. Prestige admits that Citizens issued the checks in connection with the Hurricane Ian claim and that the checks identified multiple payees. The checks speak for themselves.

82. Prestige denies the allegations contained within paragraph eighty-two (82) of the Complaint.

83. Prestige denies the allegations contained within paragraph eighty-three (83) of the Complaint.

84. Prestige denies the allegations contained within paragraph eighty-four (84) of the Complaint.

85. Prestige denies the allegations contained within paragraph eighty-five (85) of the Complaint.

86. Prestige denies the allegations contained within paragraph eighty-six (86) of the Complaint.

87. Prestige lacks knowledge sufficient to admit or deny the bank's actual reliance and therefore denies the allegation. Prestige specifically denies that Plaintiff itself relied on any representation by Prestige.

88. Prestige denies the allegations contained within paragraph eighty-eight (88) of the Complaint.

89. Prestige denies the allegations contained within paragraph eighty-nine (89) of the Complaint.

90. Prestige incorporates its responses to the referenced paragraphs as though fully set forth here and denies any allegation inconsistent with those responses.

91. Prestige admits that Citizens issued the checks and that they identified multiple payees. The checks speak for themselves.

92. The checks speak for themselves as to their payees, conjunctions, and endorsement language. Prestige denies any characterization beyond the instruments themselves.

93. Prestige denies the allegations contained within paragraph ninety-three (93) of the Complaint.

94. Prestige lacks knowledge sufficient to admit or deny the scope of any duty owed by the Borrowers to Plaintiff and therefore denies the allegation.

95. Prestige denies the allegations contained within paragraph ninety-five (95) of the Complaint.

96. Prestige denies the allegations contained within paragraph ninety-six (96) of the Complaint.

97. Prestige denies the allegations contained within paragraph ninety-seven (97) of the Complaint.

98. Prestige denies the allegations contained within paragraph ninety-eight (98) of the Complaint.

99. Prestige denies the allegations contained within paragraph ninety-nine (99) of the Complaint.

100. Prestige incorporates its responses to the referenced paragraphs as though fully set forth here and denies any allegation inconsistent with those responses.

101. Prestige admits that the Borrowers had a Citizens insurance policy and that Home Point was identified as a mortgagee/loss payee on claim-related documents. Prestige denies any characterization inconsistent with the policy and other documents.

102. Prestige denies the allegations contained within paragraph one hundred two (102) of the Complaint.

103. Prestige denies the allegations contained within paragraph one hundred three (103) of the Complaint.

104. Prestige denies the allegations contained within paragraph one hundred four (104) of the Complaint.

105. Prestige denies the allegations contained within paragraph one hundred five (105) of the Complaint.

106. Prestige denies the allegations contained within paragraph one hundred six (106) of the Complaint.

107. Prestige denies the allegations contained within paragraph one hundred seven (107) of the Complaint.

108. Prestige incorporates its responses to the referenced paragraphs as though fully set forth here and denies any allegation inconsistent with those responses.

109. Prestige denies the allegations contained within paragraph one hundred nine (109) of the Complaint.

110. Prestige denies the allegations contained within paragraph one hundred ten (110) of the Complaint.

111. Prestige incorporates its responses to the referenced paragraphs as though fully set forth here and denies any allegation inconsistent with those responses.

112. Prestige admits only that Plaintiff seeks injunctive relief as described in the Complaint. Prestige denies that Plaintiff is entitled to any injunction.

113. Prestige denies the allegations contained within paragraph one hundred thirteen (113) of the Complaint.

114. Prestige denies the allegations contained within paragraph one hundred fourteen (114) of the Complaint.

115. Prestige denies the allegations contained within paragraph one hundred fifteen (115) of the Complaint.

116. Prestige denies the allegations contained within paragraph one hundred sixteen (116) of the Complaint.

117. Prestige denies the allegations contained within paragraph one hundred seventeen (117) of the Complaint.

118. Prestige incorporates its responses to the referenced paragraphs as though fully set forth here and denies any allegation inconsistent with those responses.

119. Prestige denies the allegations contained within paragraph one hundred nineteen (119) of the Complaint.

120. Prestige denies the allegations contained within paragraph one hundred twenty (120) of the Complaint.

121. Prestige denies the allegations contained within paragraph one hundred twenty-one (121) of the Complaint.

122. Prestige admits that an actual dispute exists between Plaintiff and Prestige concerning Plaintiff's claims and Prestige's defenses, but denies that this establishes entitlement to the declarations requested.

123. Prestige denies the allegations contained within paragraph one hundred twenty-three (1203) of the Complaint.

124. Prestige admits that Plaintiff purports to seek judicial relief rather than legal advice, but denies that Plaintiff is entitled to the requested declaration.

125. Prestige denies the allegations in each WHEREFORE clause, the Conclusion, and the Prayer for Relief to the extent they seek relief against Prestige, and denies that Plaintiff is entitled to damages, punitive damages, injunctive relief, declaratory relief, attorneys' fees, costs, interest, or any other relief against Prestige except as may be established by competent evidence and applicable law.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Failure to State a Claim

The Complaint, in whole or in part, fails to state claims upon which relief can be granted against Prestige. Among other deficiencies, several counts rely on collective allegations against "the Borrowers and/or Prestige" without facts establishing each element as to Prestige individually.

### Second Affirmative Defense - Standing / Real Party in Interest / Scope of Assignment

Plaintiff must prove that it owns the specific causes of action asserted, not merely an interest in the mortgage. The challenged check transactions allegedly occurred in 2022 and 2023, while the Complaint alleges a later assignment of the mortgage in April 2024. To the extent any accrued conversion, fraud, negligence, or other claim belonged to Home Point or another entity and was not validly

transferred to Plaintiff, Plaintiff lacks standing and/or is not the real party in interest as to that claim.

**Third Affirmative Defense - UCC Conversion Limitations**

Count I is barred or limited by section 673.4201, Florida Statutes, including limitations on who may maintain an instrument-conversion action, the requirement that recovery not exceed Plaintiff's proven interest in the instrument, and, to the extent established by the evidence, the protection afforded a representative who in good faith dealt with an instrument or its proceeds on behalf of another and paid out the proceeds.

**Fourth Affirmative Defense - Statute of Limitations**

Plaintiff's claims are barred, in whole or in part, to the extent they were not commenced within the applicable limitations periods. As to Count I, section 673.1181, Florida Statutes, directs application of Chapter 95. Prestige preserves all limitations defenses applicable to the alleged 2022 and 2023 transactions, including accrual-based defenses, subject to the evidence and governing law.

**Fifth Affirmative Defense - No Immediate Superior Right to Possession / No Conversion**

Plaintiff cannot recover for conversion unless it proves a legally cognizable ownership or immediate superior possessory interest in the specific property at the time of the alleged conversion. Prestige was itself identified as a payee on the Checks and received them in connection with the Borrowers' insurance claim. Prestige denies unauthorized dominion and requires strict proof of Plaintiff's alleged superior right and actual interest.

**Sixth Affirmative Defense - Fraudulent Misrepresentation / Reliance / Scienter**

Count V fails to the extent Plaintiff cannot prove that Prestige made a knowingly false material representation with the requisite intent, that Plaintiff actually and justifiably relied upon a representation by Prestige, and that such reliance caused Plaintiff's alleged damages. Prestige specifically denies knowledge of falsity, intent to deceive, and reliance by Plaintiff. The Complaint instead alleges reliance by Prestige's bank and "others."

**Seventh Affirmative Defense - Rule 9(b)**

To the extent Count V or any other claim sounds in fraud, the allegations fail to satisfy Federal Rule of Civil Procedure 9(b) as to Prestige because they repeatedly attribute conduct to "the Borrowers and/or Prestige" without identifying with particularity who allegedly made each endorsement or representation, when and where it was made, the specific role of Prestige, and how Plaintiff was induced to act.

**Eighth Affirmative Defense - No Independent Duty / Negligence**

Count VI is barred to the extent Plaintiff cannot establish a duty of care owed by Prestige to Plaintiff independent of contractual rights arising from the mortgage, insurance policy, or other agreements to which Prestige was not a party. Prestige denies that Florida law imposed the duty alleged under the circumstances.

**Ninth Affirmative Defense - Comparative Fault / Norman and Suzanne Magill / Fabre**

As to Count VI and any other negligence action to which section 768.81, Florida Statutes, applies, any damages must be reduced and apportioned according to the fault of all persons who caused or contributed to the alleged loss. Prestige specifically identifies NORMAN MAGILL and SUZANNE MAGILL. They are presently co-defendants, and Prestige seeks allocation of fault to them to the extent permitted by law. If either is dismissed, settles, is released, is otherwise absent from the verdict, or is determined to be a nonparty for apportionment purposes, Prestige affirmatively identifies that individual as a nonparty whose fault caused or contributed to the alleged loss and seeks placement of that individual on the verdict form upon the proof required by section 768.81. This defense is not asserted as comparative-fault allocation for claims excluded by section 768.81(4).

**Tenth Affirmative Defense - Causation / Intervening Conduct**

Any loss claimed by Plaintiff was caused, in whole or in part, by acts or omissions of persons or entities other than Prestige, including the Borrowers and financial institutions or other entities involved in issuance, endorsement review, acceptance, payment, servicing, or disposition of the proceeds. Such conduct negates or limits factual and proximate causation as to Prestige to the extent established by the evidence.

**Eleventh Affirmative Defense - Failure to Join Required Party**

To the extent Plaintiff contends that Home Point Financial Corporation retained an interest in the Checks, proceeds, or accrued causes of action, or that

complete relief cannot be afforded without adjudicating Home Point's rights, Prestige asserts that Home Point may be a required party. Prestige pleads this defense in the alternative to its standing and real-party-in-interest defense and reserves the right to seek appropriate relief after discovery clarifies the chain of ownership and assignment.

**Twelfth Affirmative Defense - Tortious Interference / Privilege and Justification**

Count VII is barred to the extent Prestige acted within the scope of its lawful role as the Borrowers' retained public adjuster and in furtherance of the Borrowers' insurance claim, without the requisite intentional and unjustified interference with the mortgage. Prestige denies any purpose to procure a breach and denies use of improper means.

**Thirteenth Affirmative Defense - Civil Conspiracy**

Count VIII fails because Prestige did not enter into an agreement with the Borrowers to commit an unlawful act or to accomplish a lawful act by unlawful means. The conspiracy claim is derivative and also fails to the extent the alleged underlying actionable tort fails.

**Fourteenth Affirmative Defense - Injunctive Relief Unavailable**

Count IX fails because Plaintiff has an adequate remedy at law, including the monetary remedies it seeks and remedies relating to the Loan and foreclosure; cannot establish irreparable injury attributable to Prestige; cannot establish a substantial likelihood of success on the merits; and cannot satisfy the remaining equitable requirements. The Complaint also alleges that the proceeds at issue were

already distributed, which further limits the utility and availability of the requested restraint.

**Fifteenth Affirmative Defense - Declaratory Relief Improper or Redundant**

Count X seeks declarations concerning alleged past conduct, entitlement to money, and issues substantially duplicative of Plaintiff's coercive claims. To the extent there is no distinct present controversy requiring prospective declaratory relief against Prestige, declaratory relief is unavailable or should be declined.

**Sixteenth Affirmative Defense - Setoff / Credit / Satisfaction / No Double Recovery**

Any recovery must be reduced by all amounts Plaintiff or its predecessors have received or will receive on account of the same alleged loss, including amounts recovered through the foreclosure judgment, foreclosure sale or collateral, insurance-related recoveries, settlements, credits, or other satisfaction. The Complaint attaches a Final Judgment of Foreclosure reflecting an award of $216,325.15 on the same Loan. Plaintiff may not obtain duplicative recovery for the same economic loss through overlapping contract, tort, foreclosure, equitable, or other remedies.

**Seventeenth Affirmative Defense - Public Adjusting Compensation / Setoff**

Prestige denies that its compensation was “impermissible.” To the extent the evidence establishes that Prestige earned compensation pursuant to a valid public-adjusting agreement and applicable law, Prestige is entitled to appropriate credit,

setoff, or other recognition of that interest. Prestige does not admit by asserting this defense that any particular amount, payment mechanism, or disposition alleged by Plaintiff was legally or factually correct.

**Eighteenth Affirmative Defense - Waiver / Ratification / Estoppel**

To the extent discovery establishes that Plaintiff or its predecessors had knowledge of, authorized, accepted benefits from, acquiesced in, failed timely to object to, or otherwise ratified material aspects of the handling or disposition of the claim or proceeds, Plaintiff's claims are barred or reduced by waiver, ratification, and/or estoppel to the extent permitted by law.

**Nineteenth Affirmative Defense - Failure to Mitigate / Avoidable Consequences**

Plaintiff's damages, if any, must be reduced to the extent Plaintiff or its predecessors failed to take reasonable steps to protect the collateral, pursue available payment or endorsement remedies, address the allegedly improper negotiation of the Checks, mitigate deterioration of the Property, or otherwise avoid or reduce the claimed loss after actual or constructive notice.

**Twentieth Affirmative Defense - Damages / Punitive Damages**

Prestige denies that Plaintiff can prove damages caused by Prestige in the amount claimed. Any compensatory recovery is limited to Plaintiff's proven legal interest and causally related loss. Punitive damages are unavailable absent proof satisfying the substantive requirements of Florida law, including the requirements applicable to a corporate defendant. Prestige denies intentional misconduct, gross

negligence, authorization, ratification, or other facts sufficient to impose punitive damages against it.

**Twenty-First Affirmative Defense - Conditions Precedent**

Plaintiff has not established compliance with all conditions precedent, notices, presentment requirements, or other prerequisites applicable to each claim asserted against Prestige. Prestige specifically denies paragraph 49 and preserves all defenses arising from any unmet prerequisite shown through discovery.

## DEMAND FOR JURY TRIAL

Prestige demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution.

Dated: September 25, 2026

**Respectfully Submitted by,**
Your Insurance Attorney, P.L.L.C.
Counsel for Defendant, Prestige Claim Consultants Corp.
901 Ponce de Leon Blvd., 8th Floor
Coral Gables, Florida 33134
Telephone No. (888) 570-5677
Facsimile No. (888) 745-5677
E-Service Email: YIA24@YourInsuranceAttorney.com

By *_/s/ Peter A. Diamond, Esq._*
**Peter Diamond, Esq.**
**Florida Bar No.: 0180051**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 25, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record registered to receive such notice. To the extent any party is not a registered CM/ECF participant, service will be made in accordance with the Federal Rules of Civil Procedure.

**Respectfully Submitted by,**

Your Insurance Attorney, P.L.L.C.
Counsel for Defendant, Prestige Claim Consultants Corp.
901 Ponce de Leon Blvd., 8th Floor
Coral Gables, Florida 33134
Telephone No. (888) 570-5677
Facsimile No. (888) 745-5677
E-Service Email: YIA24@YourInsuranceAttorney.com

By *_/s/ Peter A. Diamond, Esq._*

**Peter Diamond, Esq.**
**Florida Bar No.: 0180051**